# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

David Coil,

      Plaintiff(s),

v.

Warden Brian Williams, et al.,

      Defendant(s).

Case No. 2:24-cv-00017-RFB-NJK

**ORDER**

[Docket Nos. 55, 57, 58]

On March 26, 2026, Plaintiff filed an "information" regarding discovery he asserts was mailed on March 25, 2026. Docket No. 54.[1] On April 6, 2026, Plaintiff filed a "motion for resolution" regarding the deadline for the discovery subject to the above "information." Docket No. 55. On April 27, 2026, Plaintiff filed a motion for default/summary judgment, indicating that Plaintiff has not received discovery responses and seeking $7,900,000 in damages. Docket No. 57.[2] On May 14, 2026, Plaintiff filed a motion for sanctions, indicating that Plaintiff has not received documents in discovery and seeking $500,000 in damages. Docket No. 58. Defendants filed responses to two motions, in which counsel indicates that he has conferred with Plaintiff as to the discovery process, objected to discovery that was served as being improper, and is in the process of responding to supplemental discovery that was later served. *See* Docket Nos. 56, 59.

Although the details of the parties' dispute are not always entirely clear, the Court reiterates that the discovery process is meant to take place between the parties and generally does not involve the Court itself. *See* Docket No. 44 at 1; *see also, e.g.*, *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). In conferring on discovery matters, attorneys and *pro se* parties must

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] This filing indicates that Plaintiff also served discovery on January 6 and March 4, 2026. *See* Docket No. 57 at 1. The motion does not attach as an exhibit any discovery served and the corresponding proof of service.

1

be cooperative and practical.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).  In the event the conferral process proves insufficient, the next step is generally for the aggrieved party to file a motion to compel.  *See* Fed. R. Civ. P. 37(a)(1).  Any such motion must provide the discovery in dispute and the responses thereto, Local Rule 26-6(b), and must provide meaningful argument as to the discovery dispute, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

It is not clear from the papers that judicial involvement is warranted at this juncture.  The record reflects that there has been some confusion as to the discovery process given that Plaintiff is a prisoner proceeding *pro se.  See, e.g.*, Docket No. 53 at 5.  It also appears that Plaintiff has served supplemental discovery following conferral efforts and defense counsel has indicated that he will respond to that supplemental discovery.  *See, e.g.*, Docket No. 59 at 5.  Disputes as to that discovery should be addressed in the meet-and-confer process.  While it certainly appears that there is some frustration with the discovery process,  the parties must be cooperative and practical in resolving their differences.  A sufficient showing has not been made that case-dispositive sanctions and huge monetary "damages" are appropriately ordered.

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for resolution, motion for default/summary judgment, and motion for sanctions.

IT IS SO ORDERED.

Dated: May 28, 2026

_____

Nancy J. Koppe
United States Magistrate Judge