**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

David Coil,

Plaintiff(s),

v.

Warden Brian Williams, et al.,

Defendant(s).

Case No. 2:24-cv-00017-RFB-NJK

**Order**

[Docket Nos. 76, 79]

Pending before the Court is Plaintiff's motion to extend the deadline to amend or add parties. Docket No. 76.[1] Defendants filed a response in opposition. Docket No. 77. Also pending before the Court is Plaintiff's motion for leave. Docket No. 79.

Plaintiff's requests are not properly presented to the Court. The deadline to amend or add parties expired many months ago. *See* Docket No. 39 at 1. The Court does not generally address a stand-alone request to revive and extend that deadline; instead, the Court generally requires the filing a motion for leave to amend that attaches the proposed amended pleading and addresses the good cause and excusable neglect standards for reviving the underlying deadline.[2] *See, e.g., Adherence v. CVS Health Corp.*, 2025 WL 1393970, at *1 (D. Nev. Apr. 7, 2025) (citing *Novotny*

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The relief being sought is not entirely clear. If Plaintiff's filing was meant to seek relief beyond what is addressed in this order, Plaintiff must file a separate request clearly identifying the relief he is requesting. *See, e.g.*, Local Rule IC 2-2(b).

[2] Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. A motion for leave to amend filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

*v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017)).[3] Plaintiff's motions do not attach a proposed amended complaint, so the Court cannot address whether to afford leave to amend. *See* Local Rule 15-1(a). Moreover, the papers do not explain sufficiently why the Court should revive and extend this deadline at this time (i.e., whether there is good cause and excusable neglect for relief from the scheduling order).

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to extend and motion for leave.

T IS SO ORDERED.

Dated: August 10, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] In such a scenario, the Court also gives the movant the benefit of the earlier request date in analyzing whether to modify the case management schedule. *See, e.g.*, *Smith v. Las Vegas Metro. Police Dept.*, 2024 WL 4046295, at *1 n.2 (D. Nev. July 29, 2024).